IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RAMONT LOWELL RICHARDSON, JR., )
)
Plaintiff, )
)
v. ) 1:20CV777
)
WELLPATH HEALTH CARE, et al., )
et al., )
)
Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a detainee at the Forsyth County Detention Center, submitted a pro se Complaint (Docket Entry 2) under 42 U.S.C. § 1983 and requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). He later filed a Letter Motion (Docket Entry 3) seeking to amend his Complaint to add a claim. The Court will grant that Motion and consider the additional allegations.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*,

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, portions of the Complaint, as amended, should go forward, but other portions should be dismissed pursuant to 28 U.S.C. § 1915A(b) because they fail to state a claim on which relief may be granted.

The first two Defendants named in the Complaint are corporations rather than individuals and consist of Wellpath Healthcare, which provides medical services to the Forsyth County Detention Center, and HIG Capital, which allegedly supervises the contracts

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

of contract employees who provide medical care at jails across the country and acts as a parent company for Defendant Wellpath. The allegations in the Complaint against these two Defendants are of a conclusory and general nature. However, they also suffer a further fatal flaw. The Complaint seeks to hold these corporate Defendants liable based on the alleged actions and decision of their employees at the Detention Center. These allegations fail because theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor do not exist under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). The Complaint does make references to the policies of these two Defendants, but again, only of a general and conclusory "the defendant harmed me" nature. Therefore, the Complaint fails to state a claim as to Defendants Wellpath and HIG Capital and they should be dismissed from the case.

The Complaint next names Forsyth County Sheriff Bobby Kimbrough as a Defendant in both his individual and official capacities. Many of the allegations against Defendant Kimbrough are also general and conclusory or based on his supervisory capacity, but the exception is an allegation that he denied Plaintiff masks and testing for Covid-19 for more than two and one half months while eleven officers and an unknown number of inmates at the Detention Center tested positive for the virus. (Docket Entry 2 at 21.)[2] This is sufficient to state a potential claim for relief at this time and the claim should be allowed to proceed. The Complaint also names the Forsyth County Sheriff's Department as a Defendant. Again,

---

[2] All page citations refer to the page numbers listed in the footer displayed on the documents in this Court's electronic case filing database.

-3-

most of the claims against this Defendant are of a conclusory and/or supervisory nature. Further Defendant Sheriff Kimbrough is the policy making agent for the Sheriff's Department and, as stated above, will remain in the case as a Defendant in both his individual and official capacity based on the allegation that he denied Plaintiff proper protection from Covid-19.  The surviving claim against Defendant Kimbrough in his official capacity is duplicative of any similar claim against the Sheriff's Department, which means that there is no need for the Sheriff's Department to remain in the case as a separate Defendant.  The Forsyth County Sheriff's Department should, therefore, be dismissed from the case.

The Complaint also names Forsyth County Commissioner Gloria Whisenhunt as a Defendant.  The Complaint seeks to hold her liable for the situation in the Detention Center by alleging that she failed to see that other Defendants employed proper policies and procedures and failed to allocate money for that purpose.  It is not clear how Defendant Whisenhunt, as a single member of the Board of Commissioners could control the allocation of money.  The Complaint certainly sets out no facts support that conclusory assertion. Further, as for controlling the policies and practices of the Detention Center, North Carolina law states that the sheriff of a county, not a county or its board of commissioners, is responsible for final policymaking authority regarding county jails.  Cobbs ex rel. Cobbs v. County of Guilford, No. 1:10CV806, 2012 WL 3113141, at *2 (M.D.N.C. July 31, 2012) (unpublished), rec. adopted as modified, 2012 WL 4508106, (M.D.N.C. Sept. 28, 2012) (unpublished).  Therefore, neither Forsyth County nor its commissioners can be held liable

for the Sheriff's actions at the Detention Center. Id. The Sheriff remains a Defendant in the case as set out above. The Complaint should be dismissed as to Defendant Whisenhunt.

The three remaining Defendants are medical personnel working at the Detention Center. The first of these is Dr. Alan Rhodes. The Complaint alleges that Plaintiff suffered a gunshot to his head which left dangerous fragments in his body and damage that restricts the use of Plaintiff's right side. (Docket Entry 2 at 34.) It further claims that Defendant Rhodes failed to allow Plaintiff to see a specialist for these problems and did not allow him to receive physical therapy to regain the use of his right side. (Id.) These allegations are specific and serious enough to state a claim for deliberate indifference to a serious medical need at this point. Therefore, Defendant Rhodes should remain in the case and the claim against him should proceed.

The other two medical defendants are Mrs. Williams, the Director of Nursing, at the Detention Center, and Dr. Dawn Quashie. As to these two Defendants, the Complaint returns to the type of general and conclusory type of allegations that fail to state claims for relief. The Complaint also seeks to hold them liable on a supervisory basis, particularly where Defendant Williams is concerned. Plaintiff cannot hold Defendants liable for the actions or decisions of others. Therefore, the claims against these two Defendants fail at this time and should be dismissed.

As for Plaintiff's request to proceed *in forma pauperis*, § 1915(b)(1) requires that he make an initial payment of $42.67. Failure to comply with this Order will lead to dismissal of the complaint.

IT IS THEREFORE RECOMMENDED that Plaintiff's claims discussed above against Defendants Kimbrough and Rhodes be allowed to proceed but that the remainder of the claims in the Complaint be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted. The dismissal as to Defendants Williams and Quashie should be without prejudice to Plaintiff moving to amend his pleadings if he can state proper claims for relief.

IT IS ORDERED that Plaintiff's Letter Motion (Docket Entry 3) seeking to amend the Complaint is granted.

IT IS FURTHER ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $42.67.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of April of 2021, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS FURTHER ORDERED that all payments deducted in relation to this case shall be designated as made in payment of the filing fee for Civil Action No. 1:20CV777, and shall be paid to the Clerk, U.S. District Court for the Middle District of North Carolina. In the event Plaintiff is transferred to another institution, the balance due shall be collected and paid

to the Clerk by the custodian at Plaintiff's next institution. A copy of this Order shall be sent to Plaintiff's current custodian.

IT IS FURTHER ORDERED that this action be filed, but that further proceedings and service of summons as to the remaining Defendants be stayed until Plaintiff either (1) submits to the Court the initial payment noted above, or (2) in the alternative submits a motion for relief from the stay, and a statement made under penalty of perjury that he has not had access to any funds for the initial payment noted above for the 20-day period.

FAILURE TO COMPLY WITH THIS ORDER IN A TIMELY MANNER WILL RESULT IN DISMISSAL OF THIS ACTION WITHOUT FURTHER NOTICE TO PLAINTIFF.

This, the 8th day of March, 2021.

                                      /s/ L. Patrick Auld
                                        **L. Patrick Auld**
                            **United States Magistrate Judge**